IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:13-cr-00038-GHD-JMV-1

JOHNNY ANTUAN HARRIS and
KENSHAUNDRA EVETTE DAVIS  DEFENDANTS

MEMORANDUM OPINION DENYING CODEFENDANT JOHNNY ANTUAN HARRIS'S
MOTION TO DISMISS THE PROSECUTION OR FOR SCHEDULING ORDER

Presently before the Court is a motion to dismiss prosecution or for scheduling order [24] filed by Codefendant Johnny Antuan Harris ("Harris"). The Government has filed a response, and the matter is now ripe for review. Upon due consideration, the Court finds that Harris's motion should be denied.

Harris was charged in a one-count indictment [1] filed on February 26, 2013, with knowingly and intentionally distributing a mixture and substance containing cocaine base in violation of 21 U.S.C. § 841(a) and (b)(1)(C). In a superseding indictment [15] filed on April 24, 2013, Harris again was charged with knowingly and intentionally distributing a mixture and substance containing cocaine base in violation of 21 U.S.C. § 841(a) and (b)(1)(C), and along with his Codefendant Kenshaundra Evette Davis ("Davis"), was additionally charged with conspiracy to possess with the intent to distribute cocaine and additional possession charges in violation of 18 U.S.C. §§ 2 and 841(a) and (b)(1)(C). On April 27, 2013, Harris filed a motion [18] for psychiatric exam and to continue arraignment on the superseding indictment, which the Court granted by an Order [19] dated May 15, 2013. On September 23, 2013, the psychiatric exam was received. On October 16, 2013, Harris waived his personal appearance at arraignment

1

on the superseding indictment and entered a plea of not guilty. *See* [23]. On May 27, 2014, Harris filed the instant motion to dismiss the prosecution or for scheduling order [24].

In the instant motion, Harris argues that there is no reason he is not able to assist counsel and to stand trial; that Davis "is said to be still at large"; that Harris "has languished in custody for over thirteen months on what is essentially a low level, small quantity, drug case from the Delta that might more properly be dealt with in the state courts of Mississippi"; that "[t]he delay in trying Mr. Harris shocks the conscience"; and that dismissal is warranted under Rule 48(b) of the Federal Rules of Criminal Procedure. The Government states that Davis turned herself in to custody on June 4, 2014, and had her initial appearance that same day. The Government further maintains that dismissal is inappropriate because Davis only recently had her initial appearance and the Court entered a Scheduling Order [33] on June 6, 2014.

"The Speedy Trial Act requires that a criminal trial must commence within 70 days of the latest of a defendant's indictment, information, or appearance, barring periods of excludable delay." *Henderson v. United States*, 476 U.S. 321, 326, 106 S. Ct. 1871, 90 L. Ed. 2d 299 (1986) (internal citation omitted); *see* 18 U.S.C. § 3161(c)(1). In the case *sub judice*, once Davis was joined with Harris in the superseding indictment, Harris's 70-day period was measured with respect to Davis's. "[T]he speedy trial clock does not begin to run in a multi-defendant prosecution until the last codefendant makes his initial appearance in court." *United States v. Parker*, 505 F.3d 323, 327 (5th Cir. 2007) (quoting *United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998) (internal quotation marks omitted)). "[A]n excludable delay of one codefendant is attributable to all codefendants." *Id.* Of course, "the [G]overnment may not toll the speedy trial clock merely by filing superseding indictments," but, as in this case, if in filing the superseding indictment, the Government "sought to widen the scope of the criminal

2

investigation" to include additional charges, there is no abuse of the superseding indictment system. *See id.* Therefore, the speedy trial clock must run from the arraignment of the latest codefendant, Davis. Because Davis could not be located and arrested until June 4, 2014, and was not arraigned until June 4, 2014, the speedy trial clock did not begin ticking until that date. The Court entered a Scheduling Order on June 6, 2014. For all the foregoing reasons, Harris's motion to dismiss the prosecution and for scheduling order [24] is not well taken.

THEREFORE, Codefendant Johnny Antuan Harris's motion to dismiss the prosecution or for scheduling order [24] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 18th day of June, 2014.

_____
SENIOR JUDGE