IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:13-cr-00038-GHD-JMV-1

JOHNNY ANTUAN HARRIS  DEFENDANT

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT'S *PRO SE* MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* AND FOR TRANSCRIPTS AT GOVERNMENT EXPENSE

Defendant Johnny Antuan Harris initially filed the present *pro se* motion for leave to appeal *in forma pauperis* and for transcripts at Government expense [88] in the United States Court of Appeals for the Fifth Circuit on June 22, 2015. The Fifth Circuit Court of Appeals subsequently re-routed the motion to this Court for a ruling. Upon due consideration and for the reasons set forth below, the Court finds that the motion should be granted in part and denied in part. Specifically, Defendant's request for leave to appeal *in forma pauperis* should be granted, but Defendant's request for transcripts at Government expense should be denied.

"[Title] 28 U.S.C. § 1915(a) authorizes a court to allow an appeal of any suit, civil or criminal, 'without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.' " *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982) (quoting 28 U.S.C. § 1915(a)(1)). "Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Although the statute explicitly refers to "prisoners," it is properly applied in rulings on both prisoner and nonprisoner *in forma pauperis* motions. *See Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009) (per curiam) (citing *Kuylen v. Whitfield*, 244 F.3d 137, 2000 WL

1

1901635, at *1 (5th Cir. 2000) (Table)). "A movant seeking leave to proceed IFP on appeal must demonstrate that she is a pauper and that her appeal is taken in good faith, i.e., that she will raise a nonfrivolous issue on appeal." *Winsley v. Fed. Exp. Corp.*, 393 F. App'x 145, 146 (5th Cir. 2010) (per curiam) (citing Fed. R. App. P. 24(a)(5); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)). "To establish financial eligibility to proceed IFP, a movant need not show absolute destitution." *Id.* (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948)). "The central question is whether the movant can afford the costs of a particular litigation without undue hardship or deprivation of the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339–40, 69 S. Ct. 85). The Court's "inquiry into whether the appeal is taken in good faith 'is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous).' " *See Cooper v. Dall. Police Ass'n*, No. 14-10599, 2015 WL 4071853, at *1 (5th Cir. July 6, 2015) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted)). "[F]ederal law has made an appeal from a district court's judgment of conviction in a criminal case what is, in effect, a matter of right." *United States v. Pineda-Arrellano*, 492 F.3d 624, 627 (5th Cir. 2007) (citing *Coppedge v. United States*, 369 U.S. 438, 441, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962) (citing 28 U.S.C. §§ 1291, 1294; Fed. R. Crim. P. 37(a)); *cf. Carroll v. United States*, 354 U.S. 394, 400–01, 77 S. Ct. 1332, 1 L. Ed. 2d 1442 (1957)).

In the present motion, Defendant states that he wishes to appeal the judgment and sentence imposed by this Court on January 26, 2015, and that he is unable to pay the filing fee for such an appeal. Defendant's appeal of his judgment and sentence is a matter of right. In addition, pursuant to 28 U.S.C. § 1915(a), Defendant has submitted to the Court an affidavit detailing his current dire financial situation. The Court finds that Defendant has satisfied the

requirements and may proceed to appeal *in forma pauperis*. Therefore, Defendant's request for leave to appeal *in forma pauperis* shall be granted.

Defendant additionally requests transcripts at Government expense (apparently of his sentencing hearing and detention hearing, *see* Tr. Order, *USA v. Johnny Harris*, No. 15-60110, Doc.: 00513103293 (5th Cir. June 22, 2015)), and states that he is unable to pay the costs of such transcripts. To obtain a transcript at government expense, Defendant must satisfy 28 U.S.C. § 753(f). *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985). Section 753(f) "provides for a free transcript for indigent prisoners asserting a claim under § 2255 if a judge certifies that the asserted claim is not frivolous and that the transcript is needed to decide the issue." *United States v. MacCollom*, 426 U.S. 317, 320–21, 96 S. Ct. 2086, 48 L. Ed. 2d 666 (1976) (internal quotation marks omitted). As stated, Defendant's appeal is of right, because he is challenging his judgment and sentence, and Defendant has satisfied this Court that he is indigent. However, Defendant has failed to satisfy this Court that his requested transcripts are necessary for proper disposition of his appeal. *See Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). If the litigant fails to demonstrate a particular need for a transcript or raise a substantial question, the Court may properly deny the request. *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985). In his motion, Plaintiff states only that he needs a transcript to establish error on appeal and that he unable to pay the costs for a transcript. He fails to show specifically why the transcript is necessary to his appeal or otherwise satisfy the requirements for such a request. For this reason, his request for transcripts at Government expense shall be denied without prejudice.

ACCORDINGLY, Defendant Johnny Antuan Harris's motion for leave to appeal *in forma pauperis* and for transcripts at Government expense [88] is GRANTED IN PART AND DENIED IN PART, as follows: Defendant's request for leave to appeal *in forma pauperis* is

3

GRANTED, but his request for transcripts at Government expense is DENIED WITHOUT PREJUDICE.

An order in accordance with this opinion shall issue this day.

THIS, the 25th day of August, 2015.

                                            /s/ Glen H. Davidson
                                            SENIOR U.S. DISTRICT JUDGE