IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHNNY ANTUAN HARRIS                                                        MOVANT

V.                                                                NO.: 4:13CR38-GHD

UNITED STATES OF AMERICA                                              RESPONDENT

## MEMORANDUM OPINION AND ORDER

Johnny Autuan Harris ("Harris") comes before the Court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Having considered the pleadings and the record, along with the relevant law, the Court finds that the motion should be denied.

### Background Facts and Procedural History

On September 11, 2014, pursuant to a written plea agreement, Harris pleaded guilty to distribution of cocaine base. Doc. #61. Because Harris had a 2001 Mississippi state-court conviction for possession and sale of marijuana, and a prior federal conviction for distribution of cocaine base, he received an enhanced sentence as a career offender under United States Sentencing Guideline ("Guideline") §4B1.1(b). *See* Presentence Investigation Report ("PSR") at ¶28. Based upon Harris' total offense level of 29 and a criminal history category of VI, he faced a potential sentence range of 151 to 188 months. PSR at ¶91.

On January 26, 2015, Harris was sentenced to a 151-month term of imprisonment, and judgment was entered on January 29, 2015. Doc. #74. Harris appealed, and his appeal was dismissed on February 16, 2016. Docs. #75 & #92. On or about January 30, 2017, Harris filed the instant motion, arguing that his sentence was improperly enhanced, as his 2001 conviction for possession and sale of marijuana should not have been counted as a controlled substance offense

in his career offender determination. Doc. #93 at 2.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to §2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. §2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). Collateral attack limits a movant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under §2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

**Discussion**

To qualify as a career offender under the United States Sentencing Guidelines, a defendant must, *inter alia*, have at least two prior felony convictions for either a crime of violence or a controlled substance offense. Guideline §4B1.1(a). A "controlled substance offense" is classified as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution or

dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Guideline §4B1.2(b). The Guidelines definition of a controlled substance offense includes "attempting to commit such offenses." Guideline §4B1.2, N.1.

Harris argues that his 2001 Mississippi conviction for possession of marijuana with intent to sell pursuant to Miss. Code Ann. § 41-29-139(a)(1) is not a controlled substance offense under the Guidelines, as the law criminalizes conduct broader than that which is designated as a controlled substance offense under the Guidelines.[1] In support of his claim, Harris relies primarily on *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), where the Fifth Circuit noted that Texas' definition of "delivery" of a controlled substance does not qualify as a controlled substance offense under the Guidelines' definition, since Texas' statute can criminalize "offering to sell." *Hinkle*, 832 F.3d at 573-76.

The Mississippi statute under which Harris was convicted of the sale of marijuana states:

> [I]t is unlawful for any person knowingly or intentionally: (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense a controlled substance. . . .

Miss. Code Ann. § 41-29-139(a)(1). Mississippi law defines "distribute" as "means to deliver other than by administering or dispensing a controlled substance." Miss. Code Ann. § 41-29-105(h). The definition of "deliver" in the context of a controlled substance offense is "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Miss. Code Ann. § 41-29-105(h). Therefore, unlike

---

[1] Harris does not dispute that his 2003 federal conviction for possession of cocaine with intent to distribute is a controlled substance offense under §4B1.2.

3

Texas' law, the Mississippi statute does not criminalize an offer to sale, and Harris' conviction for possession and sale of marijuana qualifies as a controlled substance offense under Guideline §4B1.2. *See, e.g., United States v. Olson*, 849 F.3d 230, 231-32 (5th Cir. 2017) (finding defendant's two prior California drug convictions were properly characterized as controlled substance offenses under the Guidelines because possession of a controlled substance with intent to sell requires actual or constructive possession). Accordingly, Harris was properly qualified as a career offender under Guideline §4B1.1, and his argument is without merit.

## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Harris must obtain a COA before he may appeal the denial of his §2255 motion. 28 U.S.C. §2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in §2255 proceeding). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## Conclusion

For the reasons set forth herein, the instant §2255 motion [93] is **DENIED**, and this matter is **DISMISSED WITH PREJUDICE**. A COA is **DENIED**. A final judgment consistent with this Memorandum Opinion and Order will enter today.

**SO ORDERED** this 17th day of April, 2017.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE